A92A0106. MACON-BIBB COUNTY HOSPITAL AUTHORITY v.
MADISON et al.
(420 SE2d 586)

Pope, Judge.

The Macon-Bibb County Hospital Authority (the Authority) brought this declaratory judgment action seeking a determination as to whether it was subject to the rules and regulations of the Macon-Bibb County Planning and Zoning Commission (the Commission).

The facts were stipulated by the parties. In 1988 the Authority began design of a medical building to be located on Pine Street in Macon. The Commission approved the plans for the building except for the placement of signs in connection with the building; the Commission subsequently approved all proposed signs except for a sign the Authority proposed to place on the roof of the building. In 1990 the Commission amended section 25.04 of the Comprehensive Land Development Resolution for the City of Macon and Bibb County, Georgia, to provide that roof signs are not permitted in any of the Commission's zoning districts. Relying on *Macon Assn. &c. v. Macon-Bibb County Planning &c. Comm.*, 252 Ga. 484 (314 SE2d 218) (1984), the trial court held that the Authority was subject to the rules and regulations of the Commission and upheld the Commission's ruling concerning the placement of the roof sign on the medical building. We reverse.

In *Macon Assn.* the Georgia Supreme Court held that a nonprofit corporation performing governmental services is not immune from local zoning regulations absent a clear expression of the legislature that such immunity be extended to the entity in question. Id. at 490 (6). In reaching this result, the court relied on the Statutory Guidance Test, one of four traditional tests which has been applied to determine the immunity issue, and specifically rejected the newer balancing-of-interests test on the basis that it is too nebulous and judicially unmanageable. Applying this holding to the case at hand, the trial court reasoned that because the legislation creating the Authority contained no clear expression granting the Authority immunity from zoning regulations, that it, like the nonprofit corporation in *Macon Assn.*, should not be immune from the rules and regulations of the local zoning commission.

We do not believe, however, that the holding in *Macon Assn.* mandates the result reached by the trial court in the case at bar. Although the court in *Macon Assn.* held that the nonprofit corporation in that case was not entitled to immunity from local zoning regulations, it noted that the *general rule* is that a "a state government and its agencies are immune from operation of local zoning regulations." Id. at 488. "In Georgia, it has been held that property owned by the state or county, and used for a governmental purpose, is exempt from

municipal zoning regulation . . . ." Id. at 489 (4). "A county may use property it owns for a necessary governmental purpose, even though such use violates a zoning ordinance." *Board of Commrs. &c. v. Chatham Advertisers*, 258 Ga. 498, 499 (1) (371 SE2d 850) (1988), and cits.

The question then is whether a hospital authority is a governmental entity such that it should be entitled to immunity from local zoning regulations. Although the question of a hospital authority's immunity from zoning regulations apparently has never been addressed by the appellate courts of this state, the courts have, on several occasions, considered whether a hospital authority is a governmental entity. For example, in *Cox Enterprises v. Carroll City/County Hosp. Auth.*, 247 Ga. 39 (273 SE2d 841) (1981), the court, after reviewing the nature of a hospital authority, "determined that it is a 'governmental entity,' [cit.]" and thus could not maintain an action for libel. Id. at 46. Likewise, in *Fulton-DeKalb Hosp. Auth. v. Gaither*, 241 Ga. 572 (247 SE2d 89) (1978) the court determined that hospital authorities are state and county instrumentalities and therefore not subject to the applicable definition of employer under the Workers' Compensation Act. More recently, the Court of Appeals addressed the question of the status of a hospital authority in *Hospital Auth. &c. v. Litterilla*, 199 Ga. App. 345 (404 SE2d 796) (1991), rev'd on other grounds, 262 Ga. 34 (413 SE2d 718) (1992). After reviewing the judicial history on the issue "and considering the enabling language under which the Authority was created and operates," id. at 347, the court concluded that hospital authorities established pursuant to the Hospital Authority Law are entitled to the defense of governmental immunity, except to the extent that such immunity has been waived. As the court, quoting *Cox Enterprises*, supra noted, " '[f]actors tending to establish the Authority's governmental nature include that it is a creature of statute; that it is defined as a 'public body corporate and politic' . . .; that its Board is appointed by the governing body of the relevant political subdivision or subdivisions; that it is tax exempt; that it is deemed to exercise public and essential governmental functions; that it may exercise the power of eminent domain; that i[t] receives tax revenues; and that the governing bodies of the relevant political subdivisions have a role in determining the disposition of its property upon dissolution.' [Cit.]" (Emphasis omitted.) *Hospital Auth.*, 199 Ga. App. at 347.

We agree with the court in *Litterilla* that a hospital authority such as the one in the case at bar is a governmental entity and as such is entitled to those immunities traditionally enjoyed by state and county governments and their agencies and instrumentalities. One of these immunities is the immunity from local zoning regulations when such an entity is in the exercise of its governmental functions. Such is the situation in the case at hand. Consequently, the trial court erred

in finding that the Authority was subject to the rules of the Commission concerning the placement of roof top signs.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 5, 1992 —
RECONSIDERATION DENIED JULY 1, 1992 —

*Sell & Melton, Edward S. Sell III, John D. Comer, Jeffrey B. Hanson,* for appellant.
*O. Hale Almand, Jr., Roy W. Griffis, Jr.,* for appellees.