A96A0105. MACON-BIBB COUNTY PLANNING & ZONING COMMISSION et al. v. BIBB COUNTY SCHOOL DISTRICT.
(474 SE2d 70)

BEASLEY, Chief Judge.

The Bibb County School District applied to the Macon-Bibb County Planning & Zoning Commission for a conditional use permit authorizing construction of a football stadium at one of the county's middle schools. The Commission denied the application on the ground that construction plans do not provide the minimum number of off-street parking spaces required by the Comprehensive Land Development Resolution for the City of Macon and Bibb County.

The School District sued the Commission and its members, seeking a declaratory judgment and injunctive relief, claiming that it is exempt from local zoning regulations. In an order which cited *Macon Assn. &c. v. Macon-Bibb County Planning &c. Comm.*, 252 Ga. 484 (314 SE2d 218) (1984), and *Macon-Bibb County Hosp. Auth. v. Madison*, 204 Ga. App. 741 (420 SE2d 586) (1992), the court granted the School District's requests for relief. Appeal was taken to the Supreme Court of Georgia, Ga. Const. Art. VI, Sec. VI, Par. III (5). That court transferred it, stating that injunctive relief was corollary to legal issues and citing *Macon-Bibb County Hosp. Auth.*, supra, as a similar example of the Court of Appeals' jurisdiction.

We granted the Commission's application for discretionary appeal. OCGA § 5-6-35 (a) (1). See *Miller v. Ga. Dept. of Public Safety*, 265 Ga. 62 (453 SE2d 725) (1995). The Commission contends, advancing several grounds, that the court erred in determining that the School District is exempt from the parking requirements of the Resolution.

1. In *Macon Assn.*, supra at 488 (3), the Court recognized that in this country, the general rule granting immunity from local zoning ordinances to governmental entities is supported by essentially four traditional tests: the Superior Sovereign Test, the Governmental Propriety Test, the Power of Eminent Domain Test, and the Statutory Guidance Test.

"The Superior Sovereign Test holds that since the state and its units and agencies occupy a superior position to municipalities in the

governmental hierarchy, their exemption from municipal zoning regulation is a matter of preemption. The Governmental-Propriety Test holds that property of a state governmental unit is exempt from local zoning when a governmental function is being performed but not when a proprietary function is being performed. Cases applying the Power of Eminent Domain Test take the position that when a political unit is authorized to condemn, it is automatically immune from local zoning regulation when it acts in furtherance of its designated public function. Under the Statutory Guidance Test, the courts simply look to the legislative statutes in order to glean some expression of legislative intent on the immunity question." Id.

The Court in *Macon Assn.* observed that "all of these tests have been criticized, as constituting nothing more than 'unhelpful epithets.' [cit.]," and that "[i]t thus has been suggested that these tests should be eschewed in favor of a balancing-of-interests test to resolve the 'critical question of which governmental interest should prevail when there is a conflict between the zoning ordinance of one political unit and the statutory authority of another unit to perform a designated public function.' [Cits.]" Id. at 488-489. However, the Court rejected the balancing-of-interests test as "too nebulous and judicially unmanageable." Id. at 490 (6).

The question in *Macon Assn.* was whether property owned by a nonprofit corporation is immune from local zoning regulations if the corporation is performing services which are governmental in nature. The Court held that such property does not have zoning immunity "at least in the absence of a clear expression of intent by the legislature that such immunity be extended." Id. Although the Court in *Macon Assn.* employed a statutory guidance analysis, it has rejected such an analysis where the question was whether a governmental entity is amenable to local zoning ordinances. *West v. Housing Auth. &c. of Atlanta*, 211 Ga. 133, 135 (1) (84 SE2d 30) (1954), held that the fact that a municipal housing authority was condemning property for a housing project in violation of a municipal zoning ordinance was not a valid ground to enjoin the authority from proceeding with the project, even though the state statutory housing authorities law required all such housing projects to conform to local zoning laws.

In *Madison*, the question was whether the Macon-Bibb County Hospital Authority was subject to a regulation of the Commission prohibiting the placement of roof signs on buildings. We answered this question in the negative because a hospital authority is an instrumentality of county government and " '[a] county may use property it owns for a necessary governmental purpose, even though such use violates a zoning ordinance.' [Cit.]" *Madison*, supra at 742.

2. The Commission argues that Bibb County and City of Macon ordinances have conferred upon it the power to enforce its zoning

regulations against the county. But even if an exception to Georgia's zoning immunity rule could be recognized in this instance, the ordinances referred to are not included in the record, and we cannot take judicial notice of them. *Knutzen v. O'Leary*, 210 Ga. App. 590, 593 (3) (437 SE2d 347) (1993).

3. The Commission argues that it has the power to enforce a zoning ordinance against the School District because, under a local constitutional amendment (Ga. L. 1947, p. 1240), Macon and Bibb County have conferred their zoning power upon the Commission. *Martin Marietta Corp. v. Macon-Bibb County Planning &c. Comm.*, 235 Ga. 689, 691 (221 SE2d 401) (1975). The constitutional amendment does not confer such a power in contravention of the immunity rule.

4. Next, the Commission argues that the School District does not have zoning immunity because in this case, unlike *Madison*, violation of the zoning ordinance reaches beyond the boundaries of the subject property and into the surrounding community, creating traffic congestion and assorted safety hazards. As authority, it relies on *Robinson v. Indianola Municipal Separate School District*, 467 S2d 911 (Miss. 1985), and *School Dist. of Philadelphia v. Zoning Board of Adjustment*, 207 A2d 864 (Pa. 1965). In those cases, the Supreme Courts of Mississippi and Pennsylvania held that the zoning ordinance of a municipality governing off-street parking does apply to a municipal school district in its construction of a public school. These decisions were based on statutory guidance rationales incompatible with the zoning immunity rule as applied in *Macon Assn.* and *West*. We have no authority to create an exception to the immunity based on the effect which the district's use of its land may or will have on area traffic. It will be necessary instead to find other means of controlling or abating this resulting impact.

5. Finally, the Commission argues that in this case, unlike *Macon Assn.*, application of a balancing-of-interests test is appropriate. Although it has utility, it was rejected in *Macon Assn.* Therefore, we are not authorized to apply it.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 25, 1996 —
RECONSIDERATION DENIED JULY 9, 1996 AND RECONSIDERATION
DISMISSED JULY 12, 1996 —

*Almand & Ruffin, O. Hale Almand, Jr., Roy W. Griffis, Jr., David L. McGuffey*, for appellants.

*Jones, Cork & Miller, W. Warren Plowden, Jr., Howard J. Strick-*

*land, Jr., Sharon H. Reeves, Shawn M. Story*, for appellee.