A07A0090. EFFINGHAM COUNTY BOARD OF COMMISSIONERS v. EFFINGHAM COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY.
(650 SE2d 274)

BERNES, Judge.

The Effingham County Industrial Development Authority (the "Authority") brought a petition for declaratory judgment against the Effingham County Board of Commissioners (the "Board") seeking a ruling that the Authority "is a public entity owning property for a public purpose and as such is immune from the zoning regulations of the [Board]."[1] The trial court granted the petition, and the Board appeals.[2] Because the trial court issued an advisory opinion, we vacate the judgment.

The Authority's petition for declaratory judgment alleged that it was the fee simple owner of approximately 2,600 acres in Effingham County which it had acquired through its condemnation powers and an additional 200 acres which it had purchased. The Authority further alleged that it was under contract to purchase 1,550 more acres, "subject to, among other things, zoning." According to the petition, the previously identified property was not zoned for the uses intended by the Authority. The Authority had filed for an application to rezone one or more of the parcels, but the Authority and the Board were in doubt and in need of declaration of rights with regard to the Authority's immunity from, and the Board's right to enforce, the county zoning code.

---

[1] The Authority was created pursuant to a local constitutional amendment approved by the voters in 1968. Ga. L. 1968, pp. 1733-1739.

[2] Certain persons who sought to intervene in the action also filed a notice of appeal which was docketed as our Case No. A07A0089. That appeal has been dismissed.

Notwithstanding these allegations, at the subsequent hearing on its petition, the Authority did not introduce any evidence to show how the Authority planned to use the tracts or whether its use of the tracts would conflict with the current zoning. Compare *Macon-Bibb County Planning & Zoning Comm. v. Bibb County School Dist.*, 222 Ga. App. 264 (474 SE2d 70) (1996) (commission denied school district's application to construct a football stadium); *Macon-Bibb County Hosp. Auth. v. Madison*, 204 Ga. App. 741 (420 SE2d 586) (1992) (zoning prohibited roof sign planned by the hospital authority).[3] Nor did the Authority present any evidence showing, as had been alleged in the petition, that the Authority's purchase of 1,550 acres remained pending "subject to . . . zoning." Rather, counsel for the Authority stipulated at the petition hearing that the Authority had purchased the tract. Further, no evidence was introduced as to the status of the rezoning applications referenced in the petition. Thus, the facts before the trial court were as follows: the Authority owns property in Effingham County; the Authority contends it is immune from the Board's zoning regulations; and the Board disagrees.

> [A] declaratory judgment may not be granted in the absence of a justiciable controversy. The plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.

(Citation and punctuation omitted.) *Southern Gen. Ins. Co. v. Crews*, 253 Ga. App. 765, 767 (560 SE2d 331) (2002). See OCGA § 9-4-2. "Absent an actual controversy involving palpable insecurity," the trial court lacks jurisdiction to render a decision. (Citation omitted.) *Fourth Street Baptist Church of Columbus v. Bd. of Registrars*, 253 Ga. 368, 369 (1) (320 SE2d 543) (1984). See *Norman Enterprises Interior Design v. DeKalb County*, 245 Ga. App. 538, 543 (2) (b) (ii) (538 SE2d 130) (2000); *Royal Lepage Real Estate Svcs. of Atlanta v. Spalding Partners, Ltd.*, 192 Ga. App. 284, 285 (1) (384 SE2d 424) (1989). And, because the issue is a jurisdictional one, we address the issue irrespective of whether it was raised by the parties. See *Lackey v. Lackey*, 216 Ga. 177, 178 (1) (115 SE2d 565) (1960); *Dept. of Human Resources v. Carlton*, 174 Ga. App. 30, 31 (329 SE2d 181) (1985).

---

[3] In its answer, the Board represented that it lacked sufficient knowledge to admit or deny the allegation that the property is not zoned in accordance with the Authority's intended use.

Here, the Authority failed to produce any evidence at the petition hearing showing that it faces uncertainty as to a future act. The Authority needs no direction as to the purchase of the 1,550-acre tract because it has already purchased the land. See, e.g., *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*, 243 Ga. App. 341, 345 (1) (530 SE2d 736) (2000) (declaratory judgment improper because, among other things, the action about which plaintiff sought a declaration had already occurred). The Authority may contract to purchase other, yet-to-be identified land in the future, but "[t]here can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued." (Citation and footnote omitted.) *East Beach Properties v. Taylor*, 250 Ga. App. 798, 802 (3) (552 SE2d 103) (2001).

As to the property it currently owns, the Authority did not introduce any evidence reflecting how it is using or plans to use the property,[4] and whether there is a conflict between its use or intended use and the Board's zoning regulations. "Declaratory judgment will not be rendered based on a possible or probable future contingency." (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999).

Admittedly, "[w]e construe the Declaratory Judgment Act liberally, and merely require the presence in the declaratory action of a party with an interest in the controversy adverse to that of the petitioner." (Punctuation and footnote omitted.) *RTS Landfill v. Appalachian Waste Systems*, 267 Ga. App. 56, 63 (3) (598 SE2d 798) (2004). But, if the action presents only a question of academic interest and not a justiciable controversy, "the entry of declaratory judgment is not appropriate, because a court has no province to give advisory opinions." (Punctuation and footnote omitted.) *Parker v. Clary Lakes Recreation Assn.*, 265 Ga. App. 93, 95 (1) (592 SE2d 880) (2004). Although the Board has appealed the trial court's declaratory judgment on the merits, arguing that the Authority is not immune to its zoning regulations, the Board's desire for a ruling on the question does not imbue the trial court with power to act by way of declaratory judgment in the circumstances of this case. Given the absence of a justiciable controversy, the trial court's judgment must be vacated

---

[4] Evidence of how the property is being or will be used by the governmental authority may be relevant to determining whether zoning immunity should apply. Compare *Macon-Bibb County Hosp. Auth. v. Madison*, 204 Ga. App. 741, 742-743 (420 SE2d 586) (1992) (concluding that a hospital authority enjoys immunity "from local zoning regulations *when such an entity is in the exercise of its governmental functions*") (emphasis supplied), with *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40, 43 (2) (440 SE2d 195) (1994) ("[i]f an instrumentality of the government chooses to enter an area of business ordinarily carried on by private enterprise, i.e., engage in a function that is not 'governmental,' there is no reason why it should not be charged with the same responsibilities and liabilities borne by a private corporation").

and the case remanded for the trial court to dismiss the Authority's declaratory judgment petition without prejudice.[5] See *Perdue v. Lake*, 282 Ga. 348, 349 (2) (c) (647 SE2d 6) (2007).

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 28, 2007 —
RECONSIDERATION DENIED JULY 24, 2007.

*Zipperer, Lorberbaum & Beauvais, Eric R. Gotwalt*, for appellant.

*Almand & Wiggins, O. Hale Almand, Jr., Claude M. Kicklighter, Jr., Noble L. Boykin, Jr.*, for appellee.

---

[5] Nothing prevents the Authority from filing a new action for declaratory judgment in the future, if specific circumstances arise resulting in a concrete controversy between the parties over the zoning issue. See *Dept. of Transp. v. Peach Hill Properties*, 280 Ga. 624, 626-627 (1) (631 SE2d 660) (2006).