## S90A1216, S90A1217, S90A1218. HACIENDA CORPORATION v. WHITE et al. (three cases).

(400 SE2d 323)

CLARKE, Chief Justice.

This is an appeal from a summary judgment order setting aside a deed from White Valley Farms, Inc., on the ground that the sale was not sanctioned by the necessary corporate authority. For the reasons that follow, we reverse and hold that the deed is not invalid for lack of corporate authority.

In 1979, Arthur White, Sr., ("Arthur White") formed a Georgia corporation, White Valley Farms, Inc. He conveyed to the corporation the land that he had farmed for 33 years. He and his wife, Annie White, held all of the shares of stock. Annie White died in 1983, leaving her shares of stock, 45 percent of the total shares, to be divided among her children. One of the children, Charles White, was appointed executor of her estate. Although the will was probated, the shares were not distributed to the heirs. In 1986, Arthur White, individually and on behalf of the corporation, sold the corporation's farmland to Hacienda Corporation. A year and a half later, Charles White, acting as executor of his mother's estate, initiated a shareholders' derivative action on behalf of White Valley Farms, Inc. to set aside a deed.

The trial court granted Charles White's motion for partial summary judgment, denied summary judgment motions of Hacienda Corporation and third-party defendant Tom Daniel, and set aside the conveyance.

1. The trial court found that Charles White was entitled to bring a shareholders' derivative action because of the failure of White Valley Farms, Inc., to comply with the provisions of former OCGA § 14-2-231 (Michie 1988), which requires that minority shareholders receive notification of such a transfer.[1] We hold that the failure to comply with the provisions of former OCGA § 14-2-231 does not give rise

---

[1] Former OCGA § 14-2-231 (2) (Michie 1988) provided:
Written notice shall be given to each shareholder of record, whether or not entitled to vote at such meetings, not less than 20 days before such meeting, in the manner provided in Code Section 14-2-113 for the giving of notice of meetings of shareholders, and, whether the meeting is an annual or a special meeting, shall state that the purpose or one of the purposes is to consider the proposed sale, lease, exchange, or other disposition. The notice shall fairly summarize the material features of the proposed transaction and, if such shareholders would be entitled to exercise rights under Code Section 14-2-250 and 14-2-251 [dissenters' rights], shall contain a clear and concise statement that, if the sale, lease, exchange, or other disposition is effected, shareholders dissenting therefrom are entitled, if they file a written objection to such transaction before the vote of the shareholders is taken thereon and comply with the further provisions of Code Section 14-2-251 regarding the rights of dissenting shareholders, to be paid the fair value of their shares.

to a shareholder's derivative action.

The purpose of a derivative action is to protect the corporation and its assets. OCGA § 14-2-123. As a shareholder, Charles White would be entitled to bring a derivative action for alleged harm to the corporation.[2] He may not, however, bring a derivative action for the corporation's failure to comply with former OCGA § 14-2-231. The effect of noncompliance was to prevent Charles White from receiving notice of a meeting to discuss the sale. If he had been notified and had exercised his right to dissent under OCGA § 14-2-250, he would have been entitled to the fair value of his shares. *Quinn v. Cardiovascular Physicians, P.C.*, 254 Ga. 216, 220 (326 SE2d 460) (1985). Thus, the notice requirement of OCGA §14-2-231 is for the benefit of the minority shareholders. Violation of this provision may not be asserted by the corporation itself to invalidate a transaction. A cause of action for violation of this section belongs to the shareholder and not the corporation.

2. The trial court invalidated the deed and conveyance on the separate ground that Arthur White did not have the requisite authority to execute the deed and found that Hacienda Corporation was not a bona fide purchaser for value. The deed contained no corporate seal nor attestation by a second corporate officer.[3] The trial court found that these defects put Hacienda on notice as to Arthur White's lack of corporate authority.

OCGA § 14-5-7 provides that the presence of a corporate seal and attestation by another corporate officer is "conclusive evidence that said officers signing are duly authorized to execute and deliver the same." The lack of corporate seal and attestation, however, is not conclusive evidence that the corporate officer executing a deed *lacks* corporate authority to do so.

> If there is no corporate seal, the deed will be inadmissible in evidence as proof of title unless accompanied by proof of the officer's authority to act on behalf of the corporation. Such proof may be supplied not only by direct evidence from the minute books but also by evidence that the officer was in active charge of the management of the corporate affairs. . . . [Pindar, Ga. Real Est. Law, § 19-42 (3rd ed.).]

The undisputed evidence in this case is that Arthur White, Sr., was the sole director of the corporation, the majority shareholder, and

---

[2] This action does not raise allegations of fraud, misappropriation of corporate assets, corporate waste, mismanagement, or breach of fiduciary duty by Arthur White.

[3] The deed bears two signatures, one of Arthur A. White, Sr., individually and a second that reads "White Valley Farms, Inc. By: Arthur A. White, Sr."

its president. As the sole director, he had the authority to manage "the business and affairs" of the corporation. Former OCGA § 14-2-140 (Michie 1982). As majority shareholder, Arthur White had the authority to consummate the transaction with Hacienda. Former OCGA § 14-2-231 (3) (Michie 1988.)

Arthur White's authority to execute the deed on behalf of the corporation was proved by direct evidence. Therefore, the lack of a corporate seal and attestation of another officer did not invalidate the conveyance. Hence, the lack of a corporate seal and the attestation of another officer did not deprive Hacienda of its status as bona fide purchaser for value. The trial court erred in granting summary judgment to Charles White on this issue and should have granted summary judgment to Hacienda Corporation.

3. Arthur White and White Valley Farms, Inc. filed a third-party complaint against Tom Daniel, the attorney who handled the conveyance. The third-party complaint alleged that if the deed was invalid, its invalidity was caused by his negligence. The complaint sought indemnity for any liability incurred because of the failure to comply with the notice provisions of OCGA § 14-2-231. We have determined in Division 1 above that the failure to comply with these provisions does not give rise to a shareholder's derivative action. Hence, summary judgment should have been granted to Tom Daniel for liability arising from the shareholder's derivative action.

In sum, we hold that violation of the notice requirements of former OCGA § 14-2-231 does not give rise to a shareholder derivative action and that, under the undisputed facts of this case, Arthur White had the authority to execute the deed on behalf of White Valley Farms, Inc. We therefore reverse the order of the trial court setting aside the deed. The case is remanded for the accounting prayed for in the complaint.

*Judgments in Case Nos. S90A1216, S90A1217 and S90A1218 reversed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge William R. Killian concur; Weltner, J., not participating.*

DECIDED FEBRUARY 7, 1991 —
RECONSIDERATION DENIED MARCH 1, 1991.

*Jones, Cork & Miller, Carr G. Dodson, Jerry A. Lumley*, for appellant.

*Sell & Melton, Edward S. Sell III, Groover & Childs, Denmark Groover, Jr., Martin, Snow, Grant & Napier, John T. McGoldrick,*

*Jr.,* for appellees.