A11A0990. CRITTENTON et al. v. SOUTHLAND OWNERS
ASSOCIATION, INC. et al.
(718 SE2d 839)

DILLARD, Judge.

In this declaratory-judgment action, India Crittenton, Lynette Rogers, Terrence Myles, David Hale, and Muneerah Sabir (collectively "plaintiffs") sued the Southland Owners Association, Inc. ("SOA") and several members of its board of directors (collectively "defendants"), claiming that defendants (1) improperly invalidated a March 2010 election (which resulted in all five plaintiffs obtaining seats on the board), and (2) negligently misused association funds. Shortly after plaintiffs filed suit, a second election was held in August 2010, which resulted in four of the five plaintiffs obtaining seats on the board. Subsequently, the trial court dismissed plaintiffs' claims on the ground that the controversy was now moot. Plaintiffs appeal, arguing that the trial court erred in holding that no justiciable issues remained after the August 2010 election. For the reasons set forth infra, we affirm.

The record shows that in February 2010, SOA, which serves as the homeowners' association for residents of a neighborhood known as the Southland Community in Stone Mountain, mailed a newsletter to all homeowners, in which it informed them that only homeowners who were current in the payment of their assessments would be allowed to vote in the upcoming election for SOA's board of directors. But shortly before the election, the current SOA board decided to allow all homeowners to vote regardless of whether they had assessments that remained unpaid. This decision, which was initially made during an informal board meeting and without notifying homeowners, increased the number of homeowners eligible to vote from 625 to 1,147.

In late February through early March 2010, the election (the "March election") was held via the mailing of ballots to SOA's management company. Shortly thereafter, but prior to the election votes being counted, the board sent out an e-mail to a small number of homeowners, indicating that a quorum of voters was not required to elect the board of directors. After the votes were tallied, it appeared that India Crittenton, Lynette Rogers, Terrence Myles, David Hale, and Muneerah Sabir had successfully been elected to

serve as members of SOA's board of directors. However, on March 27, 2010, at SOA's annual meeting, SOA's election committee chairperson announced that the election was invalid because of the lack of a quorum and that the incumbent board of directors would continue to serve until a new election could be held.

Based on their belief that the current board had improperly invalidated the March election, plaintiffs filed a lawsuit against SOA and the then-current members of its board of directors. In their complaint, plaintiffs sought a temporary restraining order ("TRO") to enjoin the second election, which was scheduled for August 2, 2010; a declaratory judgment that the March election was valid; and damages based on current-board members' allegedly negligent misuse of SOA funds. Following a July 28, 2010 hearing, the trial court denied plaintiffs' petition for a TRO. Consequently, the August 2, 2010 election (the "August election") proceeded as scheduled and resulted in all of the plaintiffs, except Lynette Rogers, being elected to the board. Shortly thereafter, defendants filed a motion for judgment on the pleadings, arguing, inter alia, that plaintiffs' claims were derivative in nature, and thus, they did not have standing to sue SOA directly. After holding a hearing on defendants' motion and several other issues, the trial court dismissed plaintiffs' complaint based on its finding that the August election rendered plaintiffs' claims moot. This appeal follows.

1. Plaintiffs contend that the trial court erred in dismissing their complaint on the ground that the August election for SOA's board of directors rendered their claims moot. With respect to plaintiffs' petition for the trial court to declare the March election valid, we find that this claim was properly dismissed.

At the outset, we note that on appeal, this Court conducts "a de novo review of a trial court's ruling on a motion to dismiss."[1] In doing so, "[o]ur role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts";[2] however, we "need not adopt a party's legal conclusions based on these facts."[3] With these guiding principles in mind, we will now address plaintiffs' arguments.

It is well settled that "[a] declaratory judgment may not be

---

[1] *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 145 (682 SE2d 165) (2009) (citation omitted).

[2] *Id.* (citation and punctuation omitted).

[3] *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006) (citation and punctuation omitted).

granted in the absence of a justiciable controversy."[4] Prior to a grant of declaratory judgment, a

> plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of *having to take some future action* which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.[5]

In sum, "[a]bsent an actual controversy involving palpable insecurity, the trial court lacks jurisdiction to render a decision."[6]

And here, with respect to the March election, plaintiffs have failed to demonstrate that they were in need of guidance from the trial court to protect them from uncertainty regarding some future conduct. Indeed, the declaratory-judgment count of plaintiffs' complaint alleges that "[a]n actual controversy exists as to whether the [March] election of Directors of the [S]OA was valid and consequently whether Defendants have been acting ultra vires as they continued to govern the SOA after the election concluded." In the same count, plaintiffs further allege that the trial court "has the power to declare rights of Plaintiffs as parties interested in the outcome of the election" and "has the power to make a declaration of whether the election should stand . . . ." Additionally, in their prayer for relief, plaintiffs petition the trial court to "[e]nter an order declaring the election held in February — March 2010 valid[.]" In summary, plaintiffs sought to have the trial court validate a *past* event. Thus, with respect to the March 2010 election, plaintiffs were not entitled to declaratory judgment, "which in this context[,] would be nothing more than an advisory opinion from the trial court as to which party would succeed on the merits of any claim" pertaining to the outcome of that election.[7]

2. Furthermore, plaintiffs' remaining portion of their petition for declaratory judgment regarding the proper election-voting procedures under SOA's bylaws, their negligent misuse of association

---

[4] *Effingham County Bd. of Commrs. v. Effingham County Indus. Dev. Auth.*, 286 Ga. App. 748, 749 (650 SE2d 274) (2007) (citation and punctuation omitted).

[5] *Id.* (citation and punctuation omitted) (emphasis added); *see* OCGA § 9-4-2 (a), (b).

[6] *Effingham County Bd. of Commrs.*, 286 Ga. App. at 749 (citations and punctuation omitted).

[7] *Richardson v. Phillips*, 302 Ga. App. 305, 310 (1) (690 SE2d 918) (2010) (citations and punctuation omitted) (finding that plaintiff was not entitled to declaratory relief regarding the validity of a multi-party transaction that was already completed); *see Glynn-Brunswick Memorial Hosp. Auth. v. Gibbons*, 243 Ga. App. 341, 345 (1) (530 SE2d 736) (2000) (holding that plaintiff was not entitled to declaration regarding whether defendant's actions in executing a services-contract were prohibited).

funds claim, and their attorney-fees claim were also properly dismissed. While we disagree with the trial court that those claims are moot,[8] we nevertheless find that plaintiffs lacked standing to sue on those claims individually rather than derivatively.

A "derivative suit is brought on behalf of [a] corporation for harm done to it[,] and any damages recovered are paid to the corporation."[9] And although plaintiffs may bring direct actions for injuries done to them in their individual capacities by corporate fiduciaries, our Supreme Court has held that "to have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation."[10] In fact, "to set out an individual action, the plaintiff must allege either an injury which is separate and distinct from that suffered by other [members], or a wrong involving a contractual right of a [member] which exists independently of any right of the corporation."[11] Thus, "[f]or a plaintiff to have standing to bring an individual action, he must be injured directly or independently of the corporation."[12] Furthermore, "[t]he determination of whether a claim is derivative or direct is made by looking to what the pleader alleged," and "[i]t is the nature of the wrong alleged and not the pleader's designation or stated intention that controls the court's decision."[13]

And here, plaintiffs' remaining claims do not constitute special injuries that are separate and distinct from any injury to SOA as a corporation. Plaintiffs' declaratory-judgment claim as to whether the defendants employed the proper election-voting procedures under SOA's bylaws is essentially a claim that defendants breached their fiduciary duties owed to SOA and all of its members. Indeed, election procedures properly conducted in accordance with the bylaws benefit all members; just as election irregularities harm all the members of a corporation.[14] Additionally, plaintiffs' claim for damages based on

---

[8] *See Merry v. Williams*, 281 Ga. 571, 572-73 (2) (642 SE2d 46) (2007) (holding that request for declaratory judgment as to the proper method for mayor and city council to count abstention votes under city charter was not moot despite the fact that former mayor, who plaintiff alleged misinterpreted charter, was no longer in office).

[9] *Southwest Health & Wellness, LLC*, 282 Ga. App. at 624 (2) (b) (citation omitted).

[10] *Phoenix Airline Svcs. v. Metro Airlines, Inc.*, 260 Ga. 584, 586 (1) (397 SE2d 699) (1990) (citation and punctuation omitted).

[11] *Id.* (citation and punctuation omitted).

[12] *Id.* (citation and punctuation omitted).

[13] *Southwest Health & Wellness, LLC*, 282 Ga. App. at 624 (2) (a) (citation and punctuation omitted).

[14] *See Dunn v. Ceccarelli*, 227 Ga. App. 505, 508 (489 SE2d 563) (1997) (physical precedent only) (noting that "gravamen of the complaint" was that defendants "breached their fiduciary duties in the management of the corporation by wrongfully controlling the election results," and that the "general rule is that breach of fiduciary duty actions against

defendants' allegedly negligent misuse of association funds and their claim for attorney fees do not constitute special injuries because "[t]he general rule is that a shareholder seeking to recover misappropriated corporate funds may only bring a derivative suit."[15] Thus, given that plaintiffs' remaining claims were derivative, resulting from an injury to SOA, plaintiffs had no standing to bring a direct action based on those claims.[16]

Accordingly, we affirm the dismissal of plaintiffs' claims, albeit for reasons different than those articulated by the trial court.[17]

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 27, 2011 —
RECONSIDERATION DENIED NOVEMBER 15, 2011.

*Jones Martin, Samira J. Martin*, for appellants.
*Weissman, Nowack, Curry & Wilco, Jason A. LoMonaco*, for appellees.

---

corporate officers for harm to the corporation are derivative and not direct").

[15] *Southwest Health & Wellness, LLC*, 282 Ga. App. at 625 (2) (b) (citation and punctuation omitted); *see Matthews v. Tele-Systems*, 240 Ga. App. 871, 872 (2) (525 SE2d 413) (1999).

[16] *See Holland v. Holland Heating & Air Conditioning, Inc.*, 208 Ga. App. 794, 797-98 (3) (432 SE2d 238) (1993).

[17] *See Walker County v. Tri-State Crematory*, 292 Ga. App. 411, 412 (664 SE2d 788) (2008) ("The dismissal of a complaint will be affirmed if right for any reason." (citations omitted)).