**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 3, 2015**

# In the Court of Appeals of Georgia

A15A0091. STOUDEMIRE et al. v. HSBC BANK USA.

McFADDEN, Judge.

Derrick and Sonya Stoudemire filed an action against HSBC Bank USA, N.A. seeking to rescind an allegedly wrongful foreclosure and to quiet title. They based their complaint on the assertion that Wells Fargo's assignment of their security deed to HSBC was ineffective, so that HSBC did not have a valid interest in the security deed and thus did not have the legal right to foreclose. The trial court granted HSBC's motion to dismiss on the ground that the Stoudemires lacked standing to challenge the assignment of the security deed because they were not parties to the assignment. We agree and therefore affirm.

The Stoudemires signed a promissory note for $187,000 in favor of Wells Fargo and granted Wells Fargo by security deed an interest in their property. The security deed was recorded on September 27, 2005. On September 30, 2006, Wells Fargo assigned its interest in the security deed to HSBC. The assignment was recorded September 29, 2010. The Stoudemires defaulted on the loan. HSBC sold the property at foreclosure on October 5, 2010. The Stoudemires filed this action, alleging that HSBC lacked the authority to foreclose because the purported assignment from Wells Fargo to HSBC was void on its face.

The Stoudemires acknowledge that we have held that a person who is not a party to an assignment lacks standing to contest its validity. *Montgomery v. Bank of America*, 321 Ga. App. 343, 346 (2) (740 SE2d 434) (2013) (plaintiff lacked standing to contest validity of assignment of note and security deed because assignment was a "contract between MERS and [loan servicing company]"); *Breus v. McGriff*, 202 Ga. App. 216 (1) (413 SE2d 538) (1991) ("Appellants are strangers to the assignment contract between appellee and [the bank] and thus have no standing to challenge its validity."). They argue that *Montgomery* is incompatible with *Scott v. Cushman & Wakefield of Georgia*, 249 Ga. App. 264 (547 SE2d 794) (2001), in which this court held that an obligor had standing to challenge an assignment even though he was not

2

a party to the assignment. In *Scott*, however, the obligor did not challenge the validity of an assignment, but challenged the existence of such an assignment in the first place. In *Montgomery*, as in the instant case, there is no question that an assignment exists.

The Stoudemires argue that the rule that only parties can challenge an assignment's validity should not apply to facially void assignments. This assignment, they argue, is void on its face because it is a forgery and it was not signed by the necessary corporate officers. We need not decide whether facially void assignments are excepted from the rule because the Stoudemires have not shown that their assignment is facially void.

A void contract is one that has no effect whatsoever and is incapable of being ratified, while a voidable contract is one that is unenforceable at the election of the injured party. See *Dal-Tile Corp. v. Cash N' Go*, 226 Ga. App. 808, 811-812 (487 SE2d 529) (1997) (Beasley, J., concurring specially). Contracts to do illegal or immoral things, contracts against public policy, and gambling contracts, for example, are void. OCGA §§ 13-8-1, 13-8-2, 13-8-3. On the other hand, for example, fraudulent contracts and contracts entered under duress are voidable at the election

of the injured party. OCGA §§ 13-5-5, 13-5-6. The kind of procedural irregularities that the Stoudemires contend infect this assignment render it, at most, voidable.

The Stoudemires rely on the notary seal to support their claim that the assignment is a forgery. They assert that the notary seal shows that the notary's commission was to expire on August 5, 2014, that notary commissions are limited to four years under OCGA § 45-17-5 (a), and that the assignment was dated September 30, 2006. They argue that because notary commissions cannot exceed four years, the notary could not have witnessed the signatures on September 30, 2006. We agree with the Stoudemires that these facts raise a serious question about the attestation of the signatures on the assignment. But questions about the validity of a signature do not render a document void on its face. *Keogh v. Bryson*, 319 Ga. App. 294, 298 (3) (735 SE2d 293) (2012) ("Whether a signature is valid is a factual issue that requires resolution by a jury."). And in any case, improper attestation of an assignment does not render it void. *Budget Charge Accounts v. Peters*, 213 Ga. 17, 19 (4) (96 SE2d 887) (1957).

The Stoudemires argue that the assignment was invalid under the applicable version of OCGA § 14-5-7 because it was not signed by a secretary, assistant secretary, cashier, or assistant cashier of Wells Fargo. (The statute was amended in

4

2011. Ga. L. 2011, p. 430, § 5.) Although former OCGA § 14-5-7 (a), which is set out in the margin,[1] provided "that the presence of a corporate seal and attestation by another corporate officer is conclusive evidence that said officers signing are duly authorized to execute and deliver the same[,] [t]he lack of corporate seal and attestation . . . is not conclusive evidence that the corporate officer executing a deed *lacks* corporate authority to do so." *Hacienda Corp. v. White*, 260 Ga. 879, 880 (2) (400 SE2d 323) (1991) (emphasis in original). Consequently, any defect in this regard did not render the assignment void on its face.

---

[1]Former OCGA § 14-5-7 (a) provided:

> Instruments executed by a corporation conveying an interest in real property, when signed by the president or vice-president and attested or countersigned by the secretary or an assistant secretary or the cashier or assistant cashier of the corporation, shall be conclusive evidence that the president or vice-president of the corporation executing the document does in fact occupy the official position indicated; that the signature of such officer subscribed thereto is genuine; and that the execution of the document on behalf of the corporation has been duly authorized. Any corporation may by proper resolution authorize the execution of such instruments by other officers of the corporation.

As the Stoudemires have not alleged facts showing that their assignment is facially void, we need not decide whether to adopt their proposed exception to the rule that only persons who are parties to an assignment have standing to challenge its validity. The trial court did not err in dismissing the complaint.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*