**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**February 2, 2021**

# In the Court of Appeals of Georgia

A20A1838.  NORTH  WALHALLA  PROPERTIES,  LLC  v.
  KENNESTONE GATES CONDOMINIUM ASSOCIATION,
  INC et al.

BROWN, Judge.

North Walhalla Properties, LLC ("Walhalla") appeals from the trial court's order granting summary judgment in favor of Kennestone Gates Condominium Association ("Kennestone") and Robert E. Smith on its complaint against them, as well as in favor of Kennestone's counterclaim against Walhalla for past due assessments, interest, late fees, and attorney fees. Walhalla contends that the trial court erred by (1) concluding that it lacked standing to bring all of the claims asserted in its complaint because they could only be brought in a derivative action; (2) failing to find that Kennestone did not mitigate its damages; (3) failing to set off amounts Walhalla overpaid to Kennestone; and (4) failing to award attorney fees to Walhalla

for "the stubborn litigiousness" of the defendants. For the reasons explained below, we affirm the trial court's grant of summary judgment to Kennestone on its counterclaim against Walhalla, vacate its grant of summary judgment to Kennestone and Smith on Walhalla's complaint, and remand this case to the trial court for entry of an order of dismissal.

> On appeal from a trial court's grant of summary judgment, we conduct a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party. We also review de novo a trial court's grant of a motion to dismiss. We construe the pleadings in the light most favorable to the nonmoving party with any doubts resolved in that party's favor.

(Citations and punctuation omitted.) *Bobick v. Community & Savings Bank*, 321 Ga. App. 855, 856 (743 SE2d 518) (2013). So viewed, the record shows that Kennestone is a Georgia non-profit corporation tasked with the administation, operation, and maintenance of a condominium complex in which Walhalla has owned two units since 2000. In April 2015, Kennestone notified Walhalla that it "owe[d] a total of $1,400 in past-due assessments and other charges, which includes attorneys' fees of $250." In September 2015, Ira McKee, who is a managing member of Walhalla and its attorney in this case, wrote a letter to Kennestone explaining that it did not have

2

to pay assessments because annual meetings and elections were not held. According to McKee, Walhalla did not receive "reports of affairs, finances and budge[ted] projections of [Kennestone]," and a "written accounting of income and disbursements." McKee demanded a refund of special assessments paid by Walhalla in 2007 and 2009. Kennestone's counsel provided a detailed letter in response that concluded by stating, "[t]o sum up, the various allegations you have raised in your letters do not legally excuse your client from paying the condominium assessments leveled against its Units."

In October 2016, Walhalla filed the instant action against Kennestone, which was later amended to name Smith, Kennestone's director, treasurer, and secretary, as a defendant. Walhalla's complaint, as amended, asserts claims for breach of contract, "breach of duty," negligence, and declaratory judgment. It sought damages for "excess billing" of Walhalla, a refund or set-off of any amounts owed Walhalla, as well as appointment of a third-party management company to give direct reports to member/owners, punitive damages, interest, attorney fees, and costs. In its complaint, Walhalla alleges that the defendants: engaged in "*ultra vires* actions by the Board and officers not authorized under the Declaration, Bylaws, or law"; failed to make various disclosures to membership prior to called meetings; failed to call and have meetings

3

in violation of its Declaration and Bylaws; failed to provide a budget and profit and loss statements 30 days in advance of meetings; failed to disclose identities of vendors or provide copies of contracts between third parties or evidence of payment; maintained and managed escrow accounts without authority; charged for services not rendered or made available to Walhalla; failed to properly maintain common areas; assessed "attorney fees and expenses not related to the collection of fees, rather for advice received by them in their continuing efforts to disguise and to deny breaches of contract or fiduciary duty"; assessed Walhalla's units for work and improvements to limited common areas and individual units owned by others; assessed excessive fees and ignored a right of set-off for previous assessments paid, but not owed; and failed to provide to members minutes of annual and special meetings. With regard to Smith, Walhalla alleged that Smith breached his duty to Walhalla "and other similarly situated owner members" by engaging in self-dealing and excess billing, failing to prepare annual budget reports and call annual meetings, and violating the Declaration and Bylaws by receiving compensation. With regard to its claim for declaratory judgment, Walhalla sought an order requiring Kennestone to comply with its Declaration and Bylaws regarding budgets, notices, and annual meetings.

4

Kennestone filed a counterclaim for past due assessments, late charges, interest, costs, and attorney fees. Kennestone and Smith then filed a joint motion for summary judgment on Walhalla's complaint, asserting, in part, that it lacked standing to assert claims as an individual that were not separate and distinct from other members and that no private duty was owed to Walhalla. Kennestone also sought summary judgment in its favor on its counterclaim. After holding a hearing, the trial court granted Kennestone and Smith's motion for summary judgment on Walhalla's complaint, as well as Kennestone's counterclaim. It ordered Walhalla "to pay $26,167.38 to Kennestone, inclusive of past due assessments, interest at 10% per annum, late fees, and attorney[] fees incurred by Kennestone for purposes of collecting [Walhalla]'s past due assessments." It also ordered the clerk of court to issue a check to Kennestone from funds paid by Walhalla into the court registry.

1. In related enumerations of error, Walhalla asserts that the trial court erred by concluding that it could not recover against the defendants based upon its lack of standing. As set forth above, Kennestone is a Georgia non-profit corporation. See OCGA § 14-3-101 et seq. "[M]embers of a nonprofit corporation may, under certain circumstances, file derivative proceedings. See OCGA §§ 14-3-740 through 14-3-747." *Ga. Appreciation Property v. Enclave at Riverwalk Townhome Assn.*, 345

5

Ga. App. 413, 419 (1) (812 SE2d 157) (2018) (physical precedent only). "The purpose of a derivative action is to protect the corporation and its assets." *Hacienda Corp. v. White*, 260 Ga. 879, 880 (1) (400 SE2d 323) (1991). It also "allow[s] a means by which the rights of a corporation may be protected." *Ragsdale v. New England Land & Dev. Corp.*, 250 Ga. 233, 234 (1) (297 SE2d 31) (1982). "A derivative proceeding may be brought either by any director or by any member or members having 5 percent or more of the voting power or by 50 members, whichever is less." OCGA § 14-3-741. In this case, it is undisputed that Walhalla does not own the minimum percentage of ownership necessary to bring a derivative suit. Accordingly, we must decide whether Walhalla has standing to sue individually, as it lacks standing to sue derivatively. Id.

> In order
>
> to have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation. . . . To set out an individual action, the plaintiff must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation. For a plaintiff to have standing to bring an individual action, he must be injured directly or independently of the corporation.

6

(Citations and punctuation omitted.) *Ga. Appreciation Property*, 345 Ga. App. at 420. This rule applies to claims brought against both the corporation and individual defendants such as members of a board of directors. See, e.g., id.; *Crittenton v. Southland Owners Assn.*, 312 Ga. App. 521, 524-525 (2) (718 SE2d 839) (2011). Georgia decisions addressing this issue have concluded that claims related to election procedures, breach of fiduciary duties, negligent misuse of corporate funds, usurpation of corporate opportunities, personal use of assets without sufficient compensation, mismanagement, and corporate-waste are not separate and distinct causes of action creating a right of direct action in an individual member. *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585 (1) (397 SE2d 699) (1990) (breach of fiduciary duty); *Rollins v. LOR, Inc.*, 345 Ga. App. 832, 854-855 (4) (815 SE2d 169) (2018) (personal use of assets, mismanagement, corporate-waste); *Ga. Appreciation Property*, 345 Ga. App. at 420 (1) (a) (election procedures); *Crittenton*, 312 Ga. App. at 524-525 (2) (breach of fiduciary duties, negligent misuse of corporate funds, and election procedures). See also *SDM Investments Group v. HBN Media*, 353 Ga. App. 281, 284 (2) (836 SE2d 193) (2019) (breach of contract claim did not allege specific individual injuries and "should have been brought via a derivative suit"). Based upon our review of Walhalla's complaint, as amended, the

7

trial court properly concluded that Walhalla lacked standing to bring its claims against Kennestone and Smith because its allegations are devoid of any separate and distinct injury that would allow it to sue individually. Rather than granting a motion for summary judgment, however, the trial court should have entered an order dismissing Walhalla's complaint. See *GeorgiaCarry.Org, Inc. v. James*, 298 Ga. 420, 424 (2) (782 SE2d 284) (2016); *Ga. Appreciation Property*, 345 Ga. App. at 424 (c); *Crittenton*, 312 Ga. App. at 525 (2). We therefore vacate the trial court's order granting summary judgment to the defendants and remand this case to the trial court with direction to enter a dismissal.

2. Walhalla asserts that the trial court erred "since the evidence on record clearly shows that . . . Kennestone failed to mitigate its damages by drawing down the monthly assessments paid into the Registry of the Court." In support of this allegation, Walhalla contends that it paid monthly assessments for May 2018 through February 2020 into the court registry and Kennestone made no effort to withdraw any of these funds "to mitigate its claims or damages." Based on this general assertion, Walhalla argues that the trial court's "[o]rder should be reversed and the matter be remanded to the lower court for a trial by jury." Other than alleging, without citation to the record, that Kennestone "assessed a late charge on each and every payment

8

made into the Registry of the Court," Walhalla fails to specify how Kennestone was "the author of its own loss or damage" or the "claims or damages" that would have been mitigated by a withdrawal of funds in the court registry. The trial court's order contains no ruling on Kennestone's alleged failure to mitigate its damages, which is an affirmative defense. *Alston & Bird v. Mellon Ventures II, LP*, 307 Ga. App. 640, 644 (3) (b) (706 SE2d 652) (2010). Walhalla did not raise failure to mitigate damages as a defense in any of its pleadings before the trial court. While McKee's rendition of facts in the summary judgment hearing included the statement, "I don't believe they have tried to draw down any of the money from the registry of the Court, even though they have been given notice that it's there," and Walhalla stated in a brief that "Defendant Kennestone, rather than file a Motion to Withdraw the funds has chosen in bad faith to continue to declare to this Court that the assessments for 2018 have been unpaid," Walhalla never asserted below that Kennestone was charging late fees on the amounts paid into the registry and did not assert that the legal effect of Kennestone's failure to seek withdrawal of the funds should amount to a failure to mitigate damages. As Kennestone's breach of a duty to mitigate its damages and its purported assessment of late fees on funds paid into the court registry "were not raised and ruled on by the court below[,] . . . these issues present nothing for this

9

Court to review." *Houston v. Flory*, 329 Ga. App. 882, 890 (3) (766 SE2d 227) (2014).

3. Walhalla asserts that the trial court erred by failing "to setoff amounts overbilled to and paid by the Appellant." As Walhalla's overbilling claims are based entirely upon derivative claims for which it has no standing, it was not entitled to a set-off. Cf. *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 484 (5) (445 SE2d 297) (1994) ("The assertion of a set-off against the amount owed is not a defense, but is a claim for affirmative relief.").

4. In its remaining claim of error, Walhalla appears to assert that the trial court erred because it did not reduce the amount of the damages based upon the "stubborn litigiousness" of the defendants. It asserts that "[e]ven though [the defendants] willfully violated the governing documents, they caused [Walhalla] to retain an[] attorney and to incur legal expenses defending the indefensible actions and inaction of the [defendants]." Although Walhalla does not cite to any cases or statutes in support of this claim on appeal, it cited to OCGA § 13-6-11 to support this claim in its pleadings before the trial court. "A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim." (Citations and punctuation omitted.) *Rigby v. Flue-Cured Tobacco Cooperative*

10

*Stabilization Corp.*, 339 Ga. App. 558, 563 (2) (794 SE2d 413) (2016). As Walhalla lacked standing to assert the claims for damages alleged in its complaint, it was not entitled to attorney fees and costs under OCGA § 13-6-11, much less an offset or reduction in the amount owed to Kennestone on its counterclaim. Id. See also *Charles S. Martin Distrib. Co.*, 213 Ga. App. at 484 (5).

For the reasons explained above, we affirm the trial court's grant of summary judgment to Kennestone on its counterclaim, vacate the trial court's grant of summary judgment to Kennestone and Smith on Walhalla's complaint, and remand this case to the trial court with direction to dismiss Walhalla's complaint.

*Judgment affirmed in part, vacated in part and remanded with direction. Dillard, P. J., and Rickman, P. J., concur.*