**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 19, 2025**

# In the Court of Appeals of Georgia

A25A1921. McKENZIE v. ESTATE OF JOHN LEWIS, SR.

MARKLE, Judge.

Montra McKenzie appeals from the trial court's order denying her possession of certain real property, finding her in arrears on her rental payments, and instructing her to pay the funds into the court's registry. For the reasons that follow, we reverse in part and vacate in part the trial court's order, and remand the case for further proceedings.

The record shows that McKenzie operates a non-profit charity called Veterans Excelling for Life Foundation ("VELF"), which assists veterans in transitional housing situations. John Lewis, Sr., owned property that he rented to McKenzie and VELF to be used as housing. At some point after Lewis died in 2020, McKenzie

ceased making the rental payments, and Lewis's estate filed a dispossessory action. McKenzie answered and proffered a contract she had entered into with Lewis, which purported to transfer the property to her and VELF upon Lewis's death. She also filed counterclaims for specific performance, declaratory judgment, and attorney fees.

McKenzie also moved to compel and for sanctions after the estate failed to timely and completely respond to discovery. At the subsequent hearing, no representative of the estate appeared.[1] The trial court dismissed the dispossessory action for failure to prosecute and instructed McKenzie to brief her counterclaims.[2]

In her brief, which the trial court apparently construed as a motion for summary judgment,[3] McKenzie argued that, per the terms of the contract and under OCGA

---

[1] There is no transcript of this hearing in the record on appeal.

[2] The dismissal of the dispossessory action did not deprive the trial court of jurisdiction to consider the counterclaims. *Record Town v. Sugarloaf Mills Ltd. Partnership of Ga.*, 301 Ga. App. 367, 371(4) (687 SE2d 640) (2009) (recognizing that involuntary dismissal of dispossessory does not bar consideration of counterclaims); *Moran v. Mid-State Homes*, 171 Ga. App. 618 (320 SE2d 625) (1984).

[3] "[U]nder our rules of pleading, it is substance and not mere nomenclature that controls; pleadings are judged by their function and not the name given by a party." *Manning v. Robertson*, 223 Ga. App. 139, 142(2) (476 SE2d 889) (1996) (citations omitted). See also *All Tech Co. v. Laimer Unicon*, 281 Ga. App. 579, 580(1) (636 SE2d 753) (2006) (treating brief as cross motion for summary judgment despite failure to label it as such).

§ 44-17-2 et seq., the property transferred to her upon Lewis's death. She further

asserted that the contract satisfied all the requirements for a will. She submitted an

affidavit from one of the witnesses confirming that she had seen the parties sign the

document. The estate did not move to dismiss or for summary judgment on the

counterclaims, or submit any evidence in response to McKenzie's brief.[4]

The trial court found that the contract was void because it was indefinite,

contained errors and typographical mistakes, and used different font styles within the

document. For example, the lease did not included a specific end date, instead listing

"December 2035" as the termination.[5] The court also noted a dispute over the

amount of rent, with the contract showing $750 per month, but the dispossessory

listing $1,500 per month. In addition to finding the entire contract void, the trial court

also struck the transfer-on-death provision in the contact for the failure to adhere to

the requirements of OCGA § 44-17-2. The court then found that McKenzie had failed

to make rent payments totaling $42,750, and it ordered McKenzie to vacate the

---

[4] The estate also failed to file a brief in this appeal, despite receiving an extension of time in which to do so.

[5] The trial court also found that this would create a usufruct.

property and deposit the arrearage into the court's registry if she wished to remain there during the pendency of her appeal. McKenzie now appeals.

In related enumerations of error, McKenzie argues that the trial court erred in making factual and legal determinations that the contract was void and ordering her to vacate the property when the dispossessory action was no longer pending and the estate submitted no evidence. We agree that the trial court erred by ordering her to vacate the property or pay the alleged arrearage of rent, and further conclude that there remains a jury question as to the validity of the contract.

"In reviewing the denial of a summary judgment motion, we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions." *Sowell v. Solomon*, 362 Ga. App. 717 (870 SE2d 39) (2022) (citations omitted). With this standard in mind, we turn to McKenzie's claims on appeal.

(a) *Validity of the contract.*

"Georgia contract law requires a meeting of the minds of the parties, and mutuality, and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon."

*Bedsole v. Action Outdoor Advertising JV*, 325 Ga. App. 194, 198(1) (750 SE2d 445) (2013) (citation omitted). See also OCGA § 13-3-1. Because McKenzie argued that there was a valid contract, she bears the burden to show that she and Lewis entered into a contract, as well as the contract terms. *Guise v. Leoni*, 366 Ga. App. 659, 662(a) (883 SE2d 892) (2023).

Once the plaintiff has shown the existence of a contract, "the next question is whether the parties reached a verbal agreement as to all essential terms. The law does not favor destroying contracts on the basis of uncertainty, and a contract that may originally have been indefinite may later acquire more precision and become enforceable because of the subsequent words or actions of the parties." *Bedsole*, 325 Ga. App. at 198-99(1) (citation modified).

Here, McKenzie submitted an affidavit from a witness to the contract that she observed both Lewis and McKenzie sign the contract. There was no other evidence submitted by either party; indeed, the estate submitted nothing at all to contradict any of McKenzie's evidence.

Nevertheless, the trial court concluded that the contract had been altered and was invalid because it was indefinite and contained provisions in different fonts.[6] But, these types of procedural irregularities do not automatically void a contract. See *Stoudemire v. HSBC Bank USA*, 333 Ga. App. 374, 375 (776 SE2d 483) (2015). See also *Whitley v. Patrick*, 226 Ga. 87, 88(1) (172 SE2d 692) (1970) (generally, whether a copy of a contract has been altered is a question for a jury). Accordingly, we must vacate the trial court's order finding the contract void. On remand, the trial court should properly consider the validity of the contract under the proper rules for contract formation. OCGA § 13-3-1.

(b) *Transfer-on-death provision.*

Although the trial court found the contract invalid, it also found the transfer-on-death provision should be stricken from the contract. OCGA § 44-17-2 describes the procedure for a "transfer-on-death" deed. But, this statute went into effect after the date of Lewis's death in 2020. OCGA § 44-17-2 (2024). In considering whether the contract satisfied the statutory requirements for a transfer-on-death deed, the trial

---

[6] The trial court also found the contract ambiguous, but it based that decision on its inability to determine who drafted the contract, its notation that there were different fonts, and its belief that the document had been altered. None of these established an "ambiguity" in the contract.

court did not address whether the statute applied retroactively. On remand, should the trial court determine that the contract is valid, the court should consider whether OCGA § 44-17-2 applies retroactively. See *Mamoorkhan v. Auto-Owners Ins. Co.,* ___ Ga. App. ___ (920 SE2d 490, 492) (2025).

In addition, the trial court did not consider McKenzie's alternate argument that the document constituted a will. See OCGA § 53-4-3. As we are a court for the correction of errors, there is nothing for us to review. *Pneumo Abex v. Long*, 357 Ga. App. 17, 29(2) (849 SE2d 746) (2020).

(c) *Order to pay arrears or vacate property.*

Finally, we consider the trial court's order to pay the outstanding amount of rent and vacate the property. We agree with McKenzie that the trial court's order was improper because there was no pending motion from the estate and the dispossessory action had been dismissed.

The trial court effectively granted summary judgment to the estate despite the estate's failure to file any motion. Moreover, due to the estate's failure to participate in the hearing, there was no evidence to establish that summary judgment in its favor was warranted. *BAC Home Loans Servicing v. Wedereit*, 297 Ga. 313, 317 (773 SE2d

711) (2015). See also *Smith v. Atl. Mut. Cos.*, 283 Ga. App. 349, 351(1) (641 SE2d 586) (2007) ("There is, however, no such thing as a default summary judgment. It is incumbent upon a plaintiff to prove its case and, until it does, a defendant is under no obligation to disprove it." (citation modified)).

Here, the amount of arrears the trial court determined is unsupported by the record. McKenzie proffered a contract showing the rent to be $750 per month. And the estate's dispossessory action was dismissed. Thus, there was no action pending before the trial court that would permit it to order McKenzie to pay rent or any arrears, or to order her to vacate the property. See, e.g., *Montgomery v. Morris*, 322 Ga. App. 558, 561(1)(745 SE2d 778) (2013) ("[a] suit dismissed without prejudice pursuant to OCGA § 9–11–41 leaves the situation the same as if the suit had never been brought in the first place." (quotation marks omitted)).

Accordingly, for the reasons outlined above, we reverse in part and vacate in part the trial court's order, and remand the case for further proceedings consistent with this opinion.

*Judgment reversed in part and vacated in part, and case remanded. Doyle, P. J., and Padgett, J., concur.*