**FOURTH DIVISION
MCFADDEN, P. J.,
WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 25, 2026**

# In the Court of Appeals of Georgia

A26A0490. ST. MICHAEL'S BAY HOMEOWNERS ASSOCIATION, INC. et al. v. HADDEN-KASER et al.

WATKINS, Judge.

Aleshia L. Hadden-Kaser and Andrew Atkinson (collectively the "Plaintiffs") sued the St. Michael's Bay Homeowners Association, Inc. (the "Association"), of which they are members, and the St. Michael's Bay Marina Unit Owners Association, Inc. (the "Marina Association") claiming that the Association's grant of private boat slips to other Association members restricted the Plaintiffs' use of a community dock that their Association dues helped maintain. The trial court denied the defendants' motion to dismiss the complaint. This Court granted the defendants' petition for interlocutory review, and for the reasons contained herein, we reverse.

It is well settled that a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant[s] would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant[s] could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant[s], the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo.[1]

So viewed, the record shows that the Plaintiffs are owners of lots in a community known as St. Michael's Bay and are members of the Association, which is a Georgia nonprofit corporation. The Association is governed by and the Plaintiffs are bound by a Declaration of Covenants and the Restrictions and Easements for St. Michael's Bay (the "Declaration"). In 2005, the Association obtained a shoreline use

---

[1] *GeorgiaCarry.Org, Inc. v. Atlanta Botanical Garden, Inc.*, 299 Ga. 26, 28 (1) (785 SE2d 874) (2016) (citations and punctuation omitted).

permit from the United States Army Corps of Engineers to construct a community boat dock. The following year, a Supplementary Declarations of Covenants, Restrictions, and Easements was filed purporting to permit the Association to issue private boat slips for the dock. The Association issued 28 boat slips, but neither of the Plaintiffs have one. The Marina Association is a separate entity which has been dormant, but the Plaintiffs allege that the holders of boat slip permits petitioned in 2024 to reactivate the entity to assume control over the community dock.

The Plaintiffs filed suit in their individual capacities against the defendants, alleging that they were being denied access to the community dock while those with slip permits were allowed to use it, and that their dues were being used to maintain the dock while they were being deprived access. The Plaintiffs sought a declaratory judgment, claiming that

> [a] justiciable controversy exists regarding the validity and enforceability of the purported boatslip privileges, the authority of the Association to regulate or reassign such privileges, and the extent to which such privileges may be transferred, sold, or otherwise managed. This controversy directly impacts [the Plaintiffs'] property rights in the common dock area, and [the Plaintiffs] are uncertain as to their rights and how to proceed.

The Plaintiffs sought various declarations regarding the propriety of the issuance of the boat slip privileges. The Plaintiffs also sought an accounting and recovery of funds, claiming that the Association misappropriated funds by spending money on the maintenance of the community dock and seeking recovery of improperly spent funds. Lastly, the Plaintiffs sought injunctive relief preventing the Association from transferring or granting exclusive access to the community dock.

The defendants moved to dismiss the Plaintiffs' claims, arguing, inter alia, that their claim for declaratory judgment failed as a matter of law and that their claims were derivative in nature; accordingly they claimed that the Plaintiffs lacked standing to sue. The trial court denied the motion, finding that the Plaintiffs' claims were individual in nature because they alleged a distinct injury not suffered by all members of the Association. The trial court also found that the Plaintiffs properly sought declaratory relief. This Court granted the defendants' application for interlocutory review, and the defendants timely appealed.

1. The defendants allege the trial court erred in finding that the Plaintiffs had standing to bring their claims because the Plaintiffs' claims were derivative in nature. We agree.

"Members of a nonprofit corporation may, under certain circumstances, file derivative proceedings. The purpose of a derivative action is to protect the corporation and its assets. It also allows a means by which the rights of a corporation may be protected."[2]

> In order to have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff[s] must allege more than an injury resulting from a wrong to the corporation. To set out an individual action, the plaintiff[s] must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation.[3]

"[T]he determination of whether a claim is derivative or direct is made by looking to what the pleader[s] alleged, and it is the nature of the wrong alleged and not the pleader[s'] designation or stated intention that controls the court's decision."[4] "In a derivative suit the corporation is the real party in interest, and any damages

---

[2] *N. Walhalla Props., LLC v. Kennestone Gates Condo. Ass'n, Inc.*, 358 Ga. App. 272, 274(1) (855 SE2d 35) (2021).

[3] Id. at 274–75(1).

[4] *Crittenton v. Southland Owners Ass'n, Inc.*, 312 Ga. App. 521, 524(2) (718 SE2d 839) (2011) (citations and punctuation omitted).

recovered are paid to the corporation."[5] Claims based on misuse of corporate funds are derivative, not individual claims.[6] "A derivative proceeding may be brought by: (1) Any director; (2) Any member or members having 5 percent or more of the voting power; or (3) Fifty or more members, regardless of voting power."[7] It is undisputed that the Plaintiffs meet none of these requirements; thus they only have standing if their claims are individual in nature.[8]

Here, the Plaintiffs allege that the

Association wrongfully expended funds from the Association's common budget to maintain the Community Dock, pay permit fees, and facilitate the ongoing use of the docks for the benefit of the 28 dock slip privilege owners, while depriving [the Plaintiffs] of the full use of the Community Dock.

Based on this allegation, they further claim that they are

---

[5] *Murray v. Lexington Park of Fulton County Cmty. Ass'n, Inc.*, 372 Ga. App. 269, 271(2) (904 SE2d 119) (2024) (citations omitted).

[6] *Crittenton*, 312 Ga. App. at 524–25(2).

[7] OCGA § 14-3-741(a).

[8] Accordingly, the trial court did not need to reach the issue of whether the Members satisfied the required pre-suit notice for a derivative proceeding under OCGA § 14-3-742(a)(1), and we do not address this issue.

entitled to a full and transparent accounting of all funds expended on the Community Dock by the Association and the Marina Association, including all revenues collected, expenses paid, and the ultimate purpose of such expenditures. If the funds were misappropriated, then recovery should be had.

These claims that the Plaintiffs need an accounting to discover and recover misappropriated funds are plainly derivative under our case law, not individual; thus the Plaintiffs lacked standing to bring them and the trial court erred in failing to dismiss these claims.

The Plaintiffs also

seek a declaratory judgment resolving the following legal questions:

a. Whether the developer and builder [of the community] had legal authority to sell or assign boatslip privileges;

b. Whether the boatslip privileges are valid Limited Common Property or simply revocable contract rights under the [Corps of Engineers] Permit;

c. Whether the Association[ and Marina Association] must formally approve or oversee transfers of boatslip privileges, and if so, under what rules;

d. Whether any future transfer of boatslip privileges must comply with the [Shoreline Use] Permit's prohibition on assignment;

e. Whether the Policies for Acquisition and Transfer of Private Boatslip Privileges, adopted by the [Association's] Board around 2017, are consistent with the Association[ and Marina Association's] governing documents and the Board's actual authority;

f. Whether any current [Association] Board members holding boatslip privileges are disqualified from participating in decisions related to dock management under Georgia's conflict of interest statute (OCGA § 14-3-860).

Pretermitting whether any of these questions are properly the subject of a declaratory judgment action, which we decline to address, the Plaintiffs' declaratory judgment claim is likewise derivative. All of the questions concern the legal rights and responsibilities of the Association. Just as "[t]he right to fair and reasonable election procedures inures to the benefit of all members,"[9] so does the right to have the Association be managed pursuant to its governing documents, contracts, and the law. Any harm suffered by Association members who do not have boat slip privileges is "an indirect injury, and indirect injuries to a member or director resulting from direct

---

[9] *Dunn v. Ceccarelli*, 227 Ga. App. 505, 508(1)(a) (489 SE2d 563) (1997).

injury to the corporation do not give rise to a direct action."[10] Accordingly, the Plaintiffs lacked standing to bring the declaratory judgment claim, and the trial court erred in failing to dismiss it.[11]

2. In light of our disposition in Division 1, we need not reach the defendants' remaining claims of error.

*Judgment reversed. McFadden, P. J., and Padgett, J., concur.*

---

[10] Id. at 509(1)(a).

[11] Although the Declaratory Judgment Act authorizes the superior court to issue an injunction to preserve the status quo, see OCGA § 9-4-3(b), the trial court should have dismissed the declaratory judgment and thus no basis for an injunction remains. The trial court erred in failing to dismiss the Plaintiffs' injunction claim.